GEORGE L. PATCH, SHERIFF v. AARON WESSELS AND WILLIAM C. GARBUTT.

*Attachment—Fixtures—Sheriff's possession—Bond for return of goods.*

An attachment upon machinery bolted to the freehold is binding if the sheriff obtains full control of it, and he need not detach and remove it either to perfect his levy or to deliver possession on receipt of a forthcoming bond.

When a sheriff on receipt of a forthcoming bond has surrendered possession of attached property, he is not bound to secure the attachment debtor from interference with his possession by third parties.

Whether the sureties on a forthcoming bond in attachment, having recognized the possession of the sheriff, can dispute the recitals to that effect in the bond—Q.

Error to Gratiot. Submitted June 9. Decided June 15.

ASSUMPSIT. Plaintiff brings error. Reversed.

*C. J. Willett* and *J. K. Wright* for plaintiff in error. A sheriff levying on heavy machinery bolted to the freehold

need not remove it in order to obtain possession : *Hatch v. Fowler* 28 Mich. 213.

*S. J. Scott* for defendant in error.

MARSTON, C. J. The plaintiff in error acting as sheriff, under and by virtue of an attachment against Lorenzo J. Bovee levied upon a "saw, pulley and belt or equalizing saw arbor." Some time afterwards the defendant therein, Bovee, executed and delivered a bond to the sheriff, signed -by defendants herein as sureties. A judgment having been recovered in the attachment suit, and execution issued thereon, the sheriff made proper demand for the above property, but not receiving the same and being unable to find property of the defendant, the execution was by him returned unsatisfied. This action was then commenced against the sureties upon the bond.

The court charged the jury that the sheriff must have taken such possession or control of the property under the writ of attachment that he would have the right to take or remove it to any other place, and such possession or control he must under the law have given to defendant Bovee or his agents, upon his, the sheriff's, receipt of the bond ; that Bovee or his agents should then have the same right to remove the property peaceably as the sheriff would have had if the bond were not given ; that there being no testimony in the case tending to show that such a possession was given by the sheriff, a verdict of no cause of action should be returned.

From the evidence it appeared on the trial below, that the attachment debtor had put this property into the mill building, and under the charge of one Kingsley ; that while in use it had been under Kingsley's control, but for some time previous to the seizure had not been in use. At the time the sheriff seized the property under his writ it was fastened to the building by bolts, and no attempt was then or afterwards made by the sheriff to remove the same. Third parties were in possession of the building but it does not appear that they were using or offered to use this property or interfere with the officer's claim thereto.

I now quote from the record an account of what took place as to a delivery by the sheriff on receipt of the bond: "The counsel for the plaintiff further to maintain and prove the issue on his part, called George English who, being duly sworn, testified, that at the time of the seizure of the saw pully and belt under the writ of attachment, he was a resident of the village of Alma; that he was a deputy sheriff of said county; that the day after the property was taken he was placed by the sheriff in possession of the same at Pollasky's mill in Alma, and was in possession when the bond in question was given; that at that time he received from the sheriff an order to surrender his possession to Bovee; that one James A. Hough, an agent of Lorenzo J. Bovee, brought the sheriff's order; that he went to Pollasky's mill with Hough and Lewis A. Kelsey, another agent of Bovee; that he walked into the mill with Mr. Hough and up to the machinery in question and put his hand on it and said: 'There it is; I release all our claim on it; you take it;' and he, Hough, commenced to take it off the floor. I then stepped back towards the door. While Hough was at work on the machinery Simon Messenger came into the mill and forbade his removing the same. That afterwards Hough wanted me to remove the machinery from the mill but I told him one delivery was enough and did nothing more about the matter."

There was evidence corroborative of the above, and also evidence that efforts were made afterwards to remove the property by Hough, which was prevented by Messenger, Pollasky and perhaps others. This evidence tended to prove that the sheriff had by virtue of the writ of attachment seized and taken possession of the property in question, and although he did not remove the property, he placed his deputy in charge of it, so that it was certainly under his custody and control under the writ. He certainly was not bound, in order to make good or retain his levy, to detach and remove the property from the building or place in which he found it. The bond in question also recognized and recited the fact that the sheriff had by virtue of his

writ seized and attached this property "and which the said George L. Patch now holds in his possession,"—so that the defendants in this case recognized the fact of the sheriff's levy and possession under his writ at the time they gave this bond, and it might now, were it material, admit of some doubt whether they could now deny the recitals in their bond.

We are also of opinion that this evidence tended to show a delivery of the property by the sheriff to the attachment debtor's agents. The sheriff certainly relinquished all his rights to the property, and the statutory bond having been delivered to him, he could no longer control the property. He could not then detach and remove the property from the mill, and he could not give others a right he himself did not possess. He surrendered to the defendant his possession, and the fact that immediately thereafter, or at some subsequent period, third parties, for whose acts the sheriff was in no way responsible prevented a removal of the property, would not render nugatory the bond he had received. The sheriff did have a possession that would have enabled him, if retained, to have sold this property under any execution afterwards issued in the attachment case, and this right he surrendered to Bovee's agents on receipt of the bond, and the sureties therein cannot now place him in any worse position than he occupied at the time the bond was given. The case should have been submitted to the jury under proper instructions and the judgment must therefore be reversed with costs and a new trial ordered.

The other Justices concurred.